UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS

| Case No. | CV 16-2808 DSF (SSx) | Date | 7/28/16 |
|---|---|---|---|
| Title | Seyed-Damon Minaey v. Yazmani Baca, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Dkt. No. 10)[1]

Plaintiff alleges that he and Defendant Yazmani Baca were involved in a business relationship to exploit certain designs. Plaintiff further alleges that Baca began exploiting the designs on his own, without the involvement or profit of Plaintiff, in violation of the parties' contracts and state trade secret law. Defendants removed this case on the basis of purported federal copyright and trademark claims. The complaint does not state a federal claim on its face.

In order for a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S.Ct. 1059, 1065 (2013).

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 8, 2016 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS

There is no indication in either the complaint or the discovery responses cited by Defendants that Plaintiff necessarily raises a federal issue that is actually disputed and substantial. On the facts alleged, Plaintiff possibly could have raised federal copyright or trademark claims. But he did not. Instead he has chosen to rely solely on state law contract and trade secret theories of recovery. That is the Plaintiff's prerogative as master of his complaint. The state law claims do not necessarily require resolution of substantial federal claims because Plaintiff is free to rely on the contract between the parties or state trade secret law to attempt to limit Defendants' actions and recover damages rather than federal statutes that might also apply. The discovery responses, at most, show that Plaintiff is not willing to deny that he might theoretically have a copyright or trademark claim. This is different from an admission that he is seeking to enforce such a claim in this case.

The motion to remand is GRANTED.

IT IS SO ORDERED.